Chief Judge Desmond (dissenting).
I see no reason for a retrial. In and out of the courts for six years, this sordid family squabble is now to be fought over again, not because of any doubt as to the essential rightness of the decision below, but because of a supposed error which was undoubtedly waived by appellant (if error it was) and which related to reports which, as both courts below assure us, did not affect the decision at all. All six of the Justices below agree (and I agree with them) that, with or without these psychiatric and psychological reports, the record is completely convincing that plaintiff should not have the child. Earnestly I ask: what right of a party or what rule of law or justice is vindicated by another lengthy, harrowing trial?
I join the majority of this court in adopting for New York State the rule of Rea v. Rea (195 Ore. 252) that pursuant to stipulation or waiver a trial court in such a case may through Judge or staff make an independent investigation and may act on the investigation report without communicating it to the parties or incorporating it into the record. But the Rea rule, applied here, leads not to a reversal but straight to an affirmance. The stipulation filed in this case as well as the later conduct of both parties establishes an agreement for just such an inquiry as was in fact made through the court’s family counsellor. By their conduct appellant and her counsel showed that they fully understood that they were not to see the Family Counselling Unit reports. Justice Epstein’s decision of February 17, 1958 as to placing the child in the school was on its face based on these Counselling Unit reports, yet appellant did not ask to see them. Her acquiescence continued when she made *460 her motion for reargument, and continued on past Justice Epstein’s decision of April 2, 1958, based on these same secret reports, and through the contempt hearings in May, 1958. During all this time appellant made no request that the reports be produced or made a part of the record. The conclusion is unescapable that she and her counsel knew that she had waived any right to see the reports.
I attach no importance to the use by the trial court of Dr. Luloff’s letter on the motion for a new trial. Apparently appellant feels the same way about it, since her brief makes but passing reference to the matter. It was discretionary with the Trial Justice to grant or deny such a new hearing and it could not be a reversible error of law for him to take into account the contents of a physician’s letter when the parties had stipulated for the receipt of similar opinions and the particular report was no more than cumulative.
The Appellate Division pointed to another sound, practical objection to a new trial when it held unanimously that the two-year delay in prosecuting the appeal to that court was the fault of appellant and made “ appellate review of the custody order senseless as a practical matter ” (10 A D 2d 935). Court hearings as to this child’s custody began more than five years ago. Orderly procedure requires that they come to an end. The question was always one of discretion for the Special Term and the Appellate Division and their decision in favor of the father was soundly based on the record evidence and the confidential reports, either or both.
The order should be affirmed.
Judges Froessel, Burke and Foster concur with Judge Van Voorhis; Chief Judge Desmond dissents in an opinion in which Judge Dye concurs; Judge Fuld taking no part.
Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.